ROY W. MALSBURY, ADMINISTRATOR OF SUSIE A. MALS-
BURY, DECEASED, PLAINTIFF-APPELLEE, v. HARRY
O. PULLEN, DEFENDANT-APPELLANT.

Submitted May term, 1931—Decided September 30, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Robert Peacock*.

For the appellee, *George M. Hillman*.

PER CURIAM.

The action is upon a promissory note made by appellant
to the appellee's intestate under date of May 1st, 1923.

The complaint is simple in form, containing four para-
graphs, as follows:

1. That plaintiff sues for the amount of a promissory
note of $1,500 made by the defendant to Susie A. Malsbury
in her lifetime, a copy of which is annexed.

2. That Susie A. Malsbury departed this life intestate and
that administration of her goods and chattels was granted
to plaintiff by the surrogate of Burlington county of May
2d, 1926.

3. Plaintiff received said note as part of the estate of
said Susie A. Malsbury, deceased.

4. Plaintiff still owns said note, *it has not been paid*.

Damages in the sum of $1,500 and interest from May
2d, 1923, are demanded and a copy of the note is annexed.

This the defendant below answered as follows: "The de-
fendant denies the matters and things set forth in plaintiff's

complaint," and counter-claimed for moneys alleged to have been advanced and paid by him for and at the request of plaintiff's intestate, aggregating the sum of $5,918.

To the counter-claim plaintiff replied, denying each and every allegation therein and asserting that none of them accrued within six years and six months before the commencement of the suit.

With these pleadings the cause came to trial and the plaintiff testified to the finding of the note among the effects of his intestate; proved his appointment as administrator; testified that he had shown the note to the defendant who had not disputed it and that defendant had paid him nothing on account thereof and then rested his case.

Upon cross-examination he was interrogated as to payments made by the defendant for the account of his mother, his intestate, with the result that he exhibited by his answers that he was without knowledge of the transactions if they had in fact taken place. It was admitted that the defendant had filed with plaintiff's attorney a claim against the estate.

The defendant then proceeded to show through a witness, Shannon Stackhouse, that plaintiff's intestate had admitted in his presence that the note had been paid but that she could not find it and therefore could not deliver it up to the defendant. This proof was admitted by the attorney for the plaintiff without objection and at the conclusion thereof he moved that it be stricken out upon the ground "that the testimony refers to a payment and there is no plea of payment. The answer was a set-off and a denial of the making of the note, a set-off and there was no plea of payment."

Thereupon the attorney for the defendant withdrew the counter-claim and asked leave to amend his answer by adding a plea of payment.

The leave to withdraw the counter-claim was granted, but the leave to amend was denied and the testimony of the witness Stackhouse was stricken out and thereafter all efforts to show payment and offers of such evidence were rejected by the trial court.

The result was a verdict directed in favor of the plaintiff for the full amount of the principal of the note and interest.

From the judgment entered thereon the defendant below appeals, urging as grounds of reversal that payment may be shown under a general denial and that the trial court erred in refusing permission to amend the answer.

We think the latter ground need not be considered and we are not passing upon it.

It has been consistently held that the right to amend pleadings, during the trial of a cause, is a matter of judicial discretion and the exercise of such discretion is not reviewable. *Bruch* v. *Carter,* 32 *N. J. L.* 554; *Lutlopp* v. *Heckmann,* 70 *Id.* 272; *Reed* v. *Director General,* 95 *Id.* 525; *Goodyear* v. *Kruvant,* 96 *Id.* 352.

By this we do not intend to hold that under the present Practice act, affording as it does wide liberality in amendments, judicial discretion, in the legal sense, may not be abused, so that in a proper case such action may not be subject to review upon appeal. In the present case it is not necessary to pass upon it.

Turning to the first ground for reversal we think it is well taken and requires a reversal of the judgment.

The only thing tending to sustain the action of the trial court is rule 40 annexed to the Practice act of 1912, and which appears in the same language as rule 58 of this court. That rule is: "General and Special Denial. The answer must specially deny such allegations of fact in the complaint as defendant intends to controvert unless he intends in good faith to controvert all of the allegations; in that case he may deny them generally. It must specially state any defense which is consistent with the truth of the material allegation of the complaint and any defense which, if not stated, would be likely to cause surprise or would raise issues not arising out of the complaint. For instance, the statute of frauds, or of limitations, release, payment, performance, fraud or facts showing illegality, or contributory negligence."

Prior to this rule a plea of general issue in a cause of this character permitted proof of payment as defense. *Em-*

*eley* v. *Perrine,* 58 *N. J. L.* 472; *Axel* v. *Kraemer,* 75 *Id.* 688.

But whatever force and effect rule 58, indefinite as it is, may have, we are satisfied it should not, under the pleadings in the case *sub judice* have been invoked, because it is to be noted that the very issue of non-payment was tendered by the fourth paragraph of plaintiff's complaint and by denying the allegations of the complaint the defendant accepted that challenge and, by so pleading, the issue of payment was fully and completely raised and it was error for the trial court to strike out and refuse proofs thereunder.

The judgment under review is reversed, with costs.